**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JERRY LEE CONWAY,                                )<br>                                                          )<br>                        Petitioner,            )<br>        vs.                                                )<br>                                                          )<br>HELEN J. MARBERRY, Warden,            )<br>                                                          )<br>                        Respondent.         ) | 2:09-cv-394-WTL-DML |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Jerry Lee Conway is confined within this District serving the executed portion of a sentence imposed by the United States District Court for the Western District of Tennessee on June 17, 2009. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) based on his contention that the trial court lacked jurisdiction to enter his conviction. The trial court lost jurisdiction, according to Conway, because of the non-observance by prosecuting authorities and the courts of the anti-shuttling provisions of the Interstate Agreement on Detainers.

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). According to § 2255(e), however, a federal prisoner may use § 2241 to contest his conviction or sentence only when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

Despite Conway being physically present in this District, he is not entitled to proceed with his habeas claim. *See Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (same). There is no feature about his claim suggesting that a remedy via § 2255 has been inadequate or ineffective to test the legality of his detention. His petition for a writ of habeas corpus is therefore **denied.**

Judgment consistent with this Entry shall now issue

**IT IS SO ORDERED.**

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:   05/20/2010